**GUI PING LIANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–3731–ag.

United States Court of Appeals, Second Circuit.

July 31, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney, Jane Rund, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Gui Ping Liang, a native and citizen of China, seeks review of a June 23, 2005 BIA decision affirming the February 10, 2004 decision of Immigration Judge ("IJ")

Patricia A. Rohan, denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Gui Ping Liang,* No. A96–013–630 (B.I.A. June 23, 2005), *aff'g* No. A96–013–630 (Immig. Ct. N.Y. City Feb. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005). The Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

The agency's denial of relief in this case is supported by substantial evidence. As to Liang's asylum and withholding of removal claims, even if Chinese law allows for imposition of a sentence of imprisonment on a person who illegally departs the country, "punishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Therefore, Liang has failed to establish that he has a well-founded fear of future persecution based on his illegal departure. Because Liang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Regarding Liang's CAT claim, we explicitly rejected the claims Liang now raises in *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156 (2d Cir.2005), and *Mu-Xing Wang v. Ashcroft,* 320 F.3d 130 (2d Cir.2003). In those two cases, we concluded that a CAT claim cannot be based only on evidence that: (1) some individuals

who left China illegally are imprisoned; *and* (2) human rights violations including torture occur in Chinese prisons. *See Mu Xiang Lin,* 432 F.3d at 159–60; *Mu–Xing Wang,* 320 F.3d at 143–44. In *Mu–Xing Wang,* we made clear that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" will more likely than not be tortured. *Mu–Xing Wang,* 320 F.3d at 143–44. Since Liang failed to establish that he, in particular, will "more likely than not" be tortured if he is repatriated to China, his CAT claim must fail. *See Mu Xiang Lin,* 432 F.3d at 160 (rejecting the argument that petitioner was "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China").

Since Liang does not argue on appeal that his status as a debtor renders him likely to be tortured, that issue is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.